# Exhibit A

Return Date: No return date scheduled
Hearing Date: 10/21/2020 10:30 AM - 10:30 AM
Courtroom Number: 2102
Location: District 1 Court
          Cook County, IL

FILED
6/22/2020 4:52 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

2020CH04651

9550933

FILED DATE: 6/22/2020 4:52 PM   2020CH04651

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| ASIF J. POONJA, individually and on behalf of similarly situated individuals, | ) ) ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) ) |
| FITTRACK, LLC, a Delaware limited liability company, | ) ) ) ) |
| *Defendant*. | ) ) |

No. 2020CH04651

Hon.

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Asif J. Poonja ("Plaintiff") brings this class action complaint against Defendant FitTrack, LLC., ("Defendant") to stop Defendant's practice of making unsolicited text message advertisements to cellular telephones, and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1. In an effort to promote its business, Defendant, a provider of health and fitness technology and devices, engaged in an invasive and unlawful form of marketing: the transmission of unauthorized advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

2. By effectuating these unauthorized text message advertisements, Defendant has violated consumers' statutory and privacy rights and has caused consumers actual harm, not only because consumers were subjected to the aggravation and invasion of privacy that necessarily accompanies unauthorized text messages, but also because consumers have to pay their cell phone

FILED DATE: 6/22/2020 4:52 PM 2020CH04651

service providers for the receipt of such wireless spam.

3. In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class of similarly situated individuals, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), which prohibits unsolicited text message calls to cellular phones.

4. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized text message activities, and an award of actual or statutory damages to the class members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

5. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 and in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this State as Defendant intentionally markets and sells its health and fitness technology and products in Illinois and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant transmitted its unauthorized text message advertisement via a short code to Plaintiff in Cook County.

6. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Cook County and thus resides there under § 2-102, and because the transaction out of which this cause of action arises occurred in Cook County, as Defendant's text message advertisements at issue were transmitted in Cook County.

## PARTIES

7. Defendant FitTrack, LLC, is a Delaware limited liability company. Defendant markets and sells health and fitness devices throughout the country, including Illinois, and Cook County.

FILED DATE: 6/22/2020 4:52 PM 2020CH04651

8. At all relevant times, Plaintiff Asif J. Poonja has been a citizen and resident of the state of Illinois.

**COMMON ALLEGATIONS OF FACT**

9. With the vast majority of the population using cellular telephones as their primary means of communication, businesses have been keen to capitalize on having direct access to consumers to market their products and services.

10. Direct-to-consumer marketing utilizing their cellular telephones is primarily carried out using Short Message Services. The term "Short Message Service" or "SMS" describes the messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages.

11. Unlike more conventional passive advertisements such as billboards and television commercials, SMS messages invade privacy and can actually cost their recipients money, because cell phone users like Plaintiff have to pay their respective wireless service providers for each text message call they receive, incur a usage allocation deduction from the total number of text messages allowed under their cell phone plan, or pay a fixed or variable usage fee.

12. Defendant recently undertook a misguided effort to promote its health and fitness products by transmitting such text message advertisements to consumers across the country.

13. However, Defendant failed to implement proper procedures to confirm that it actually had proper consent from the individuals to whose telephone numbers Defendant sent the automated text message advertisements.

14. For instance, on November 28, 2019, Plaintiff's cell phone rang, indicating that a text had been received. The "from" field of the transmission was identified cryptically as "695-51," which is an abbreviated telephone number known as an SMS short code operated by

Defendant. The text message Plaintiff received is depicted below:



15. As shown above, the generic text message advertisement contained a hyperlink to a website address owned and operated by Defendant and that encouraged recipients of the text messages to purchase Defendant's health and fitness products by offering a promo code.

16. Defendant's use of an SMS short code enabled Defendant's mass transmission of such text message advertisements to a large list of cellular telephone numbers.

17. Specifically, Defendant utilized an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(b)(1)(A) to transmit the aforementioned text messages as evidenced by Defendant's use of a short-code telephone number to send them automatically *en masse* and because the hardware and software used by Defendant to send such messages stored, produced and dialed random or sequential numbers.

18. All of the complained-of text message advertisements sent by Defendant to Plaintiff and the other members of the putative Class constituted "telemarketing" as defined by 47 C.F.R. § 64.1200(f)(12) & *id.* § 64.1200(a)(2), and "advertisements" as defined by 47 C.F.R. § 64.1200(f)(1), & *id.* § 64.1200(a)(2) as they advertised the commercial availability of its health and fitness devices for the purpose of selling such products to Plaintiff and the other members of the proposed Class for profit.

19. Notably, at no time did Plaintiff expressly consent in writing to receive autodialed

text message advertisements from Defendant and has neither been one of Defendant's customers, nor utilized any of Defendant's services.

## CLASS ALLEGATIONS

20. Plaintiff brings this action on behalf of himself, and a Class of similarly situated individuals, defined as follows: All persons in the United States and its Territories to whom Defendant sent one or more text messages promoting its products without having obtained such persons' prior express written consent to be sent such messages, at any time during the relevant statutory time period.

21. There are thousands of members of the Class such that joinder of all members is impracticable.

22. Common questions of law and fact exist as to all members of the Class, and such questions predominate over questions affecting Plaintiff or individual members of the Class. Common questions for the Class include, but are not limited, to the following:

  (a) whether Defendant sent one or more text message advertisements to members of the Class;

  (b) whether Defendant used an automatic telephone dialing system to transmit the text message advertisements at issue;

  (c) whether Defendant can satisfy its burden to prove that it obtained the requisite prior express written consent of the persons to whom it sent the text message advertisements at issue prior to transmitting such messages, assuming any such consent-based affirmative defense is raised;

  (d) whether the text message advertisements distributed by Defendant violated the TCPA;

(e) whether Defendant's violations of the TCPA were committed willfully or knowingly, such that Plaintiff's and the Class' award of statutory damages should be trebled; and

(f) whether Defendant should be enjoined from engaging in the complained-of conduct in the future.

23. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class.

24. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

25. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in distributing the unauthorized text message advertisements at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

26. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to Plaintiff and to all of the other members of the Class as a result of Defendant's unlawful distribution of the text message advertisements

FILED DATE: 6/22/2020 4:52 PM 2020CH04651

alleged herein.

## COUNT I
### Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.) on behalf of Plaintiff and the Class

27. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

28. Defendant made unsolicited commercial text calls to the wireless telephone numbers of Plaintiff and the other members of the Class using equipment that constituted an "automatic telephone dialing system" within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(A), as alleged above.

29. These text message calls were made *en masse* without the prior express written consent of Plaintiff and the other members of the Class.

30. Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

31. As a result of Defendant's illegal conduct, the members of the Class have had their privacy rights violated, have suffered statutory and actual damages, and under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

32. To the extent Defendant knew or should have known that the Class members did not provide prior express written consent to be sent the automated text message advertisements at issue, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and members of the Class.

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;

2. An award of statutory damages;

3. An injunction requiring Defendant to cease all wireless spam activities;

4. An award of reasonable attorneys' fees and costs; and

5. Such further and other relief the Court deems reasonable and just.

### JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: June 22, 2020  Respectfully submitted,

ASIF J. POONJA, individually and on behalf of a class of similarly situated individuals

By: /s/ Eugene Y. Turin
*One of Plaintiff's Attorneys*

Eugene Y. Turin
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
*Attorneys for Plaintiff and the Putative Class*